IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                        No. 24-CR-1212 DHU

KAYILIAB HAINES,

        Defendant.

## THIRD UNOPPOSED MOTION TO EXTEND PRETRIAL DEADLINES AND CONTINUE TRIAL

    COMES NOW Defendant Kayiliab Haines, by and through Assistant Federal Public Defender Angelica Hall, pursuant to the Fifth and Sixth Amendments to the United States Constitution, 18 U.S.C. § 3161(h)(7), Rule 47 of the Federal Rules of Criminal Procedure, to respectfully move this Court to issue an order continuing the May 5, 2025 trial setting and extending all pretrial deadlines, including the April 4, 2025 pretrial motion deadline, for ninety (90) days and find that the time between the May 5, 2025 trial setting and the new trial setting be excluded for purposes of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

    As grounds, Defendant Haines states:

    1.    On August 27, 2024, Mr. Haines was charged by *Indictment* with three counts, violations of 18 U.S.C. §§ 113(a)(8), 112(a)(6), and 1201(a)(1). Doc. 1. The offenses are alleged to have occurred within Indian Country on or about April 7, 2024, and continuing to on or about April 8, 2024. Upon information and belief, Mr. Haines was arrested on April 8, 2024, and held in tribal custody until his transfer into federal custody.

2.      The Initial Appearance was held on September 9, 2024, and Mr. Haines was ordered temporarily detained pending a Detention Hearing. Docs. 6 & 8.  At the time of the Initial Appearance, the Magistrate Judge reminded the United States of its obligation to produce all exculpatory evidence to the defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny and the Due Process Protections Act. (Doc. 7, text only). Defense counsel was appointed on that same date. Doc. 9 (text-only entry).

3.      On September 11, 2024, an Arraignment was held and Mr. Haines entered a plea of not guilty as to all three counts.  Mr. Haines also filed a *Waiver of Detention Hearing* and the Magistrate Judge ordered that he be detained in the custody of the U.S. Marshals Service pending trial in this matter. Docs. 14 & 15.  The Magistrate Judge set the initial pretrial motion deadline for October 1, 2024, and issued a standard *Discovery Order*. Docs. 12 & 13.

4.      On September 11, 2024, this Honorable Court initially scheduled the trial in this matter for November 4, 2024. Doc. 16.

5.      On September 23, 2024, the United States disclosed an initial batch of discovery which includes both paper and digital discovery.  Much of this material is subject to a Protective Order issued on September 20, 2024, and must, therefore, be reviewed with Mr. Haines in-person at the detention facility.

6.      On October 1, 2024, Mr. Haines filed an *Unopposed Motion to Extend Pretrial Deadlines and Continue Trial* (Doc. 19) seeking additional time to review discovery with Mr. Haines and to complete the defense investigation.  The Motion was

granted (Doc. 20) and the trial was continued to February 3, 2025, and the substantive pretrial motion deadline was extended to December 6, 2025.

7. On January 2, 2025, the United States disclosed a second batch of discovery.

8. On January 17, 2025, Mr. Haines filed a Second Unopposed Motion to Extend Pretrial Deadlines and Continue Trial (Doc. 22) seeking additional time to complete review of the discovery with Mr. Haines and to complete the defense investigation. The Motion was granted (Doc. 23) and the trial was continued to the **May 5, 2025** trailing docket and the Call of the Calendar was reset for **April 24, 2025**. The deadline for filing pretrial motions is today, **April 4, 2025**, and the deadline for filing motions to continue is **April 18, 2025**. *Id*.

9. Defense counsel needs additional time to complete the defense investigation into the facts and law of the case, and to advise Mr. Haines of the strengths and weaknesses of his case. Much of the investigation has required defense counsel to travel to Dulce, New Mexico, which is both remote and difficult to travel to during winter conditions. The United States has contacted defense counsel about a proposed resolution of this matter which may obviate the need for trial. Additional time is needed to permit defense counsel to fully advise Mr. Haines about that proposed resolution.

10. Because pretrial deadlines are predicated on discovery and defense counsel's investigation being substantially complete and in order to permit Mr. Haines an opportunity to fully consider the proposed resolution, Mr. Haines respectfully requests a ninety (90) day continuance of the May 5, 2025 trial setting and extension of all accompanying pretrial deadlines, including the April 4, 2025 pretrial deadline.

11. The failure to grant the continuance of the May 5, 2025 trial setting would deny Mr. Haines his Fifth and Sixth Amendment rights to present a defense and the testimony of defense witnesses and would deny Mr. Haines his Sixth Amendment right to effective assistance of counsel resulting in a miscarriage of justice. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 875 (1982); *Washington v. Texas*, 388 U.S. 14, 18-19 (1967); *Strickland v. Washington*, 466 U.S. 668 (1984). The failure to grant such a continuance would also deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Thus, good grounds exist for the continuance of the trial setting pursuant to *United States v. Toombs*, 574 F.3d 1268 (10th Cir. 2009). As such, Mr. Haines requests that the Court find pursuant to 18 U.S.C. § 3161(h)(7)(A) that, by granting this motion, all the time from the May 5, 2025 trial setting to the new jury trial setting be excluded for purposes of the Speedy Trial Act.

Assistant United States Attorney Meg Tomlinson does not oppose this motion.

**WHEREFORE** Mr. Haines respectfully requests the Court issue an order continuing the May 5, 2025 trial setting and extending all accompanying pretrial deadlines, including the April 4, 2025 pretrial motion deadline, for ninety (90) days and find that the time between the May 5, 2025 trial setting and the new trial setting be excluded for purposes of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

Respectfully Submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas NW, Suite 501
Albuquerque, NM 87102

(505) 346-2489
Fax: (505) 346-2494
Email: Angelica_Hall@fd.org

*/s/ Angelica Hall*
**ANGELICA HALL, AFPD**
Attorney for Defendant Haines

I hereby certify that on April 4, 2025, the foregoing document was filed through the CM/ECF system and as such was the equivalent of service to AUSA Meg Tomlinson, counsel for the government.

*Electronically signed on 04/04/2025*
**ANGELICA HALL, AFPD**